# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 18-1245V
Filed: January 18, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| KAYLA NEUENSCHWANDER, | * | Not For Publication |
| | * | |
| Petitioner, | * | |
| v. | * | Interim Attorneys' Fees and Costs; |
| | * | Respondent Does Not Object; |
| SECRETARY OF HEALTH | * | Protracted Litigation. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald Homer*, Conway Homer, P.C., Boston, MA, for petitioner.
*Catherine Stolar*, United States Department of Justice, Washington, DC, for respondent.

### **DECISION ON INTERIM ATTORNEY'S FEES AND COSTS**[1]

**Roth,** Special Master:

On August 20, 2018, Kayla Neuenschwander ("Ms. Neuenschwander" or "petitioner"), acting pro se, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she developed Guillain-Barré Syndrome ("GBS") after receiving a Hepatitis B ("Hep B") vaccination on August 4, 2015.[3] *See* Petition, ECF No. 1. On October 25, 2018, Mr. Ronald Homer of the Conway Homer, P.C. firm substituted in as petitioner's counsel. ECF No. 8. On March 25, 2022, Mr. Homer filed a Motion for Interim Attorneys' Fees and Costs pursuant to Section 15(e) of the Vaccine Act. ECF No. 83. After careful consideration, the undersigned has determined to **grant in part** the request for the reasons set forth below.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The petition stated that the date of vaccination was August 1, 2015. However, the vaccination record showed the date of vaccination as August 4, 2015. *See* Pet. Ex. 1 at 2.

## I. Procedural History

This case was filed on August 20, 2018 by petitioner without counsel and was assigned to the undersigned the next day. ECF. No. 1, 4. On October 25, 2018, petitioner's current counsel substituted as the attorney for petitioner. ECF No. 8. After four Motions for Extension of Time were granted, petitioner filed medical records, an affidavit of no prior civil action from petitioner, and a statement of completion. ECF Nos. 11-24, 27-28, 30-34, 36-39, Petitioner's Exhibit ("Pet. Ex.") 1-23.

On September 25, 2019, respondent filed a status report requesting that petitioner file additional medical records. ECF No. 41. Petitioner filed a status report in response on October 18, 2019, confirming that the requested records had been filed. ECF No. 44. On November 12, 2019, respondent filed his Rule 4(c) Report, arguing that petitioner cannot sustain her burden because her claim is not supported by the medical records. Respondent's ("Resp.") Report at 9, ECF No. 45. Petitioner filed additional medical records through January of 2020. ECF Nos. 47-55, Pet. Ex. 25-30. On February 11, 2020, petitioner filed an affidavit from Eileen Dunne, the Director of Risk Management at St. David's Medical Center in Austin, Texas, who certified that the medical records department had already provided a complete copy of petitioner's medical records to petitioner's counsel and no records from the facility were outstanding. Pet. Ex. 31, ECF No. 56. The same day, petitioner filed a status report, confirming that the requested medical records had been filed. ECF No. 58.

On March 10, 2020, petitioner filed an affidavit from petitioner and petitioner's mother, Sheila Neuenschwander, as well as an amended petition, alleging that the Hep B vaccine caused petitioner's GBS and permanent scarring. Amended Petition, Pet. Ex. 32-33, ECF No. 59-61.

On March 27, 2020, petitioner was ordered to file an expert report. After two Motions for Extension of Time were granted, on September 10, 2020, petitioner filed an expert report from Dr. David Simpson and accompanying medical literature. Pet. Ex. 35-51, ECF Nos. 67-68. Respondent was ordered to file a responsive expert report. Respondent was also granted two extensions, and he filed his expert report authored by Dr. William Lindsey on March 23, 2021, along with accompanying medical literature. Resp. Ex. A-B, ECF No. 72.

Petitioner filed a supplemental expert report and additional medical literature on May 28, 2021, after receiving another extension. Pet. Ex. 52-56, ECF No. 74. Respondent filed a responsive expert report and additional literature on September 27, 2021, after also receiving an extension. Resp. Ex. C-C, Tab 1, ECF No. 78. Petitioner filed a second supplemental expert report and additional medical literature on January 26, 2022. Pet. Ex. 57-62, ECF No. 81. A status conference was scheduled for April 5, 2022.

On March 25, 2022, petitioner filed a Motion for Attorneys' Fees and Costs ("Motion for Fees") requesting a total of **$61,879.99**, representing **$44,827.00** in attorneys' fees and **$17,052.99** in attorneys' costs. Motion for Fees, ECF No. 83. Respondent filed his Response on March 29, 2022, deferring to the undersigned to determine whether the statutory requirements for an award of interim fees and costs are met. Response, ECF No. 85. Petitioner did not file a Reply.

2

This matter is now ripe for decision.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

**A.     Availability of Interim Fees**

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for over four years, and petitioner has filed three expert reports in this matter as of the date the Motion for Fees was filed. *See* Pet. Ex. 35, 52, 57. This ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g., Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship on petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Further, respondent simply deferred to the special master to determine whether the statutory requirements for interim fees had been met. Response at 2, ECF No. 85.

Moreover, petitioner has expended significant time and costs in litigating this matter thus far. Resolution of this case will take time, and given the court's current calendar, once the parties have completed the exchange of expert reports, if an entitlement hearing is necessary, the hearing will not be scheduled until 2025 with a decision not likely for some time thereafter. Additionally, petitioner herself has incurred out of pocket costs in pursuing her claim. In sum, the circumstances of this case warrant an award of interim fees and costs, so as not to impose economic hardship on petitioner.

**B.      Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

---

[4] The 2015-2022 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.,* No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Attorneys at Conway Homer, P.C. have long been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Lozano v. Sec'y of Health & Human Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). Petitioner requests fees in various rates of compensation for the attorneys who worked on her case, predominately Ms. Faga but also Mr. Ronald Homer, Ms. Christina Ciampolillo, Mr. Nathaniel Enos, Mr. Patrick Kelly, and Ms. Meredith Daniels, as well as paralegals at the firm. The rates requested are as follows:

|  | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|
| Lauren Faga | $279 | $285 | $330 | $330 | $330 |
| Ronald Homer | $421 | $430 | $447 | $447 | $447 |
| Christina Ciampolillo | n/a | $350 | $380 | $380 | $380 |
| Meredith Daniels | n/a | n/a | $350 | n/a | n/a |
| Patrick Kelly | n/a | $205 | $225 | $225 | n/a |
| Nathaniel Enos | n/a | $155 | $155 & $230 | n/a | n/a |
| Paralegals | $142 | $145 | $155 | $155 | $155 |

*See* Motion for Fees at 4-32.

The requested rates have been awarded by other Special Masters in previous decisions. *See Agarwal v. Sec'y of Health & Human Servs.*, No. 16-191V, 2022 WL 3025777, at *3 (Fed. Cl. Spec. Mstr. July 1, 2022) (awarding the requested rates in full for 2019-2022); *Keener v. Sec'y of Health & Human Servs.*, No. 16-791V, 2021 WL 1851401, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2021) (awarding the requested rates for 2018-2019); *Pelletier v. Sec'y of Health & Human Servs.*, No. 16-1713V, 2022 WL 6627071, at *3 (Fed. Cl. Spec. Mstr. Sept. 12, 2022) (awarding the requested rates in full for 2018-2022).

Based on the foregoing, I find the hourly rates billed by petitioner to be reasonable.

**C.**  **Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed.

5

Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the hours billed by the Conway Homer, P.C. firm, I find that the entries are detailed, and the time spent on each matter reasonably corresponds with the work performed. Thus, the hours spent on this matter are reasonable.

**D.     Reasonable Costs**

In addition to fees, petitioner also requested compensation for costs. Petitioner requested $16,000.00, which includes the $3,000.00 retainer already paid, for her medical expert Dr. Simpson, who billed at a rate of $500.00 per hour. Motion for Fees at 48-51. This is consistent with the rate that Dr. Simpson has been awarded in other rulings. *See Gonzalez v. Sec'y of Health & Human Servs.*, No. 17-174V, 2022 WL 3135297, at *3 (Fed. Cl. Spec. Mstr. July 8, 2022); *see also Franklin v. Sec'y of Health & Human Servs.*, No. 16-193V, 2020 WL 6151367, at *2 (Fed. Cl. Spec. Mstr. Sept. 23, 2020). Accordingly, the undersigned finds the billing rate reasonable. As of the date of the Motion for Fees, Dr. Simpson submitted a total of three expert reports in this matter and billed for 32 hours of work. Motion for Fees at 48-51. I find the hours expended on three expert reports to be reasonable.

In addition to the costs related to her expert, petitioner requested $499.29 to cover other miscellaneous expenses, including shipping costs, costs related to medical records requests, and the purchase of medical literature. Motion for Fees at 30, 34-50. However, the sum of the receipts submitted does not equal $499.29; rather, it is equal to $442.59.[5] Thus, I will compensate $442.59 for these miscellaneous costs, resulting in a **reduction of $56.70**.

Finally, petitioner's counsel requested $553.70, reflecting petitioner's costs. Motion for Fees at 2, 53-60. Petitioner filed her petition pro se, so she paid the $400.00 filing fee out of pocket, as well as paid for medical records requests and shipping costs until she retained counsel. *See id*. Again, it appears that the math contained in the Motion for Fees is incorrect. The sum of the

---

[5] This total is reached by adding $24.69 for shipping costs, $24.69 for shipping costs, $36.50 for a record request from Baylor Scott & White Hospital, $40.00 for a record request from UT Health San Antonio, $42.02 for a record request from Urology Austin, $50.00 for a record request from Active Sports Therapy, $14.62 for a record request from Timberland Medical Group, $6.50 for a record request from St. David's Medical Center, $42.02 for a record request from USDP Cedar Park, $6.50 for a record request from Round Rock Medical Center, $14.62 for a record request from Liberty Hill Physician Associates, $35.00 for a record request from Capital Endocrine & Diabetes, $25.00 for a record request from The Joint Chiropractor, $31.43 for shipping costs, and $49.00 for the purchase of a medical article on Wiley Online Library.

receipts submitted for petitioner's costs totals $552.23.[6] Accordingly, I will compensate petitioner for the accurate total of her costs, resulting in a **reduction of $1.47**.

### IV. Total Award Summary

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED IN PART**. Accordingly, I award **$61,821.82,** representing **$44,827.00** in attorneys' fees and **$16,994.82** in attorneys' costs in the form of a check payable jointly to **petitioner Kayla Neuenschwander and petitioner's counsel, Conway Homer P.C. The clerk shall enter judgment accordingly.**[7]

      **IT IS SO ORDERED.**

                                          **s/Mindy Michaels Roth**
                                          Mindy Michaels Roth
                                          Special Master

---

[6] This total is reached by adding $400.00 for the filing fee, $22.50 for a record request from UT Health San Antonio, $66.16 in shipping costs, $9.52 for a record request from Timberland Medical Group, $22.90 in shipping costs, and $31.15 in shipping costs. *See* Motion for Fees at 53-60.

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.