# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-1245**
Filed: April 28, 2026

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *
KAYLA NEUENSCHWANDER               *
                                   *
                                   *
            Petitioner,            *
                                   *
v.                                 *      Decision on Attorneys' Fees and Costs
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Catherine Elizabeth Stolar*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 20, 2018, Kayla Neuenschwander filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Ms. Neuenschwander alleged that she developed Guillain-Barre Syndrome and permanent scarring after receiving a Hepatitis B vaccine on August 4, 2015. Petition, ECF No. 1. On May 14, 2025, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on May 15, 2025. (ECF No. 111).

On March 25, 2022, petitioner filed a Motion requesting $61,879.99 in interim attorney's fees and costs. ECF No. 83. Petitioner's motion was granted in part, and petitioner was awarded $61,821.82 interim attorneys' fees and costs. ECF No. 93.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On October 30, 2025, petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 116). Petitioner requests total attorneys' fees and costs in the amount of $41,268.47, representing $30,245.70 in attorneys' fees and $11,022.77 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that no costs were personally incurred pursuing this claim. *Id*. Respondent responded to the motion on November 13, 2025, stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." Response at 2, 5 (ECF No. 117). Petitioner did not file a reply.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to

be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioners request the following hourly rates for the work of their counsel at Conway, Homer, P.C:

|  | **2022** | **2023** | **2024** | **2025** |
|---|---|---|---|---|
| Ronald Homer | $475 | $500 | $525 | $567 |
| Christina Ciampolilo | $425 | $470 | $500 | $537 |
| Joseph Pepper | $415 | - | - | - |
| Lauren Faga | $385 | $425 | - | - |
| Nathaniel Enos | - | - | - | $390 |
| Patrick Kelly | $250 | - | $345 | $380 |
| Paralegal | $170 | $185 | $195 | $207 |

These rates are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

**B.    Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review, the undersigned finds that a minor reduction is necessary for attorney time billed for review of basic documents such as status reports, motions, and statements of completion prepared by other attorneys. *See* Fees App. Tab A at 1, 8, 11. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney.

Additionally, counsel billed for administrative tasks, which are not compensable under the Vaccine Program.[4] It is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). *See, e.g.*, *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Paul v. Sec'y of Health & Hum. Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Gonzales v. Sec'y of Health & Hum. Servs.,* No. 19-731V, 2026 WL 1004984, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 9, 2026); *Manetta v. Sec'y of Health & Hum. Servs.,* No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). A reduction of **$598.20** shall be made to address these issues.

---

[4] For example, a non-exhaustive list of these entries includes: "draft Notice of Filing for exhibits 63 to 70 (expert report and med lit), cross reference med lit refs with pubmed to ensure citation accuracy, draft updated exhibit list. filed exhibit and pleadings electronically, updated case file with copies of all docs" on September 26, 2022; "Draft Notice of Filing for exhibits 71-74, final review of exhibits for any errors and confirm file size appropriate for ECF filing, amended exhibit cover pages to include date range for medical records, draft updated exhibit list, filed pleadings and exhibits electronically, updated case file with copies of pleadings" on January 13, 2025; and "Prepare overnight shipment to DOJ containing original signed stipulation and cover letter from attorney, copy of signed stipulation, attorney letter and tracking information saved to case file." on May 13, 2025. *See* Fees App. Tab A at 3, 8, 9, 11.

4

Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $29,647.50.

## C.    Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $11,022.77 in costs. Fees App. Tab A at 12-13. This amount consists of acquiring medical records, postage, flash drives, and copies. *Id.*

Petitioner's requested costs also include expert services performed by David Simpson, MD in 2022 at a rate of $500.00 per hour, for 19.5 hours, totaling $9,750.00, and in 2023 at a rate of $700.00 per hour totaling $1,050.00. Fees App. Tab B at 1-2. These rates are consistent with what Dr. Simpson has been previously awarded, and the undersigned finds them reasonable herein. *See Jao v. Sec'y of Health & Hum. Servs.*, No. 21-2109V, 2025 WL 2955199, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 18, 2025); *Goode v. Sec'y of Health & Hum. Servs.*, No. 21-1307V, 2024 WL 5378634, at *2 (Fed. Cl. Spec. Mstr. Nov. 22, 2024).

Petitioner has provided adequate documentation supporting the remainder of the requested costs, and Respondent has not identified any specific costs as objectionable. The undersigned finds these costs to be reasonable and shall fully reimburse them.

Accordingly, petitioner is awarded final attorneys' costs in the amount of $11,022.77.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED IN PART**. The undersigned hereby awards the following: **a lump sum of $40,670.27, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

> <u>**s/Mindy Michaels Roth**</u>
> Mindy Michaels Roth
> Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).